UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


THE BOARD OF TRUSTEES OF THE
CITY OF LARGO POLICE OFFICERS' &
FIREFIGHTERS' RETIREMENT PLAN,

    **Plaintiff,**

**v.**                                           **Case No. 8:05-CV-838-T-30TGW**

PEA CAPITAL, LLC, a Delaware Limited
Liability Company, formerly PIMCO
EQUITY ADVISORS, (PEA) a subsidiary of
ALLIANZ GLOBAL INVESTORS OF
AMERICA, L.P.,

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Objection to Defendant's Notice of Removal, which for purposes of this Order is being treated as a motion to remand (Dkt. #5). Plaintiff contends that the Court should remand this action to the Circuit Court of the Sixth Judicial Circuit of Pinellas County based on the existence of a venue provision clause contained in the contractual agreement between Plaintiff and Defendant. The applicable forum selection clause provides that "[a]ny action under this Agreement shall be brought in Pinellas County, Florida."

Forum selection clauses are construed using ordinary contract principles. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1261 (11th Cir. 1999). The instant forum selection clause employs

language that is susceptible to differing interpretations.  Requiring that an action be "brought" in a specific county does not explicitly preclude removal after the action is filed.

Furthermore, Plaintiff selected the language of the forum selection clause.  When ordinary contract principles fail to make clear a single reasonable interpretation for an ambiguous provision and the provision is "subject to opposing, yet reasonable interpretation, an interpretation is preferred which operates more strongly against the party from whom the words proceeded." Global *Satellite Communication Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1271 (11th Cir. 2004) (quoting *Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir. 1985)).

The instant forum selection clause must be construed against Plaintiff as the drafting party of the agreement.  Plaintiff could have selected restrictive language to prevent removal.  Instead, Plaintiff selected language that is vague and imprecise and left open the option of removal.  Rather than strain to find an interpretation that should prevail over another, it must be construed against Plaintiff as the drafter.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Objection to Defendant's Notice of Removal (Dkt. #5) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2005\05-cv-838.order.wpd